STATE of Missouri, ex rel., Charles
J. DEUTSCH, et al., Relators,

v.

The Honorable Maura B. McSHANE,
Respondent.

No. ED 78065.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Aug. 15, 2000.

Gerald P. Greiman, Daniel D. Doyle, St. Louis, for appellant.

Joe G. Harms, II, David C. Salivar, St. Louis, Christopher B. Hunter, Godfrey, IL, for respondent.

LAWRENCE G. CRAHAN, Presiding Judge.

Relators Charles J. Deutsch, Robert Goldenhersh and Stanley Rosenblum seek a writ of prohibition challenging Respondent's refusal to dismiss Mr. Deutsch and Eugene Wolff as defendants in the underlying suit pending in the Circuit Court of St. Louis County. Respondent has filed suggestions in opposition. Being duly advised in the premises, we dispense with further proceedings as permitted by Rule 84.24(j) and issue our peremptory writ of prohibition.

The underlying suit is an action for breach of warranty and fraud pertaining to the sale of land and property owned by the Geraldine Deutsch Irrevocable Inter Vivos Trust. Messrs. Deutsch and Wolff were the trustees of the trust at the time it sold the property to the plaintiff and Messrs. Goldenhersh and Rosenblum are the current trustees. The amended petition expressly provides that the named defendants are being sued in their representative capacities as trustees of the trust and not in their individual capacities.

After the amended petition was filed, Relators moved to dismiss the claims against Messrs. Deutsch and Wolff[1] for failure to state a claim upon which relief can be granted. Relators pointed out that neither Mr. Deutsch nor Mr. Wolff occupied any representative capacity at the time the suit was filed and thus would be powerless to grant any of the relief sought in the petition- i.e., money damages to be paid by the trust. Respondent denied the motion to dismiss, prompting Relators to file this proceeding.

In her suggestions in opposition to the writ, Respondent concedes "Deutsch and Wolff are not current trustees and therefore do not control trust assets which would be used to satisfy any liability to [plaintiff]." Respondent nevertheless urges that they are necessary and indispensable parties to the litigation due to their intimate involvement in the sale transaction and the lack of knowledge of the details of the sale on the part of the current trustees who were not named as trustees until after the sale was closed. We disagree. Although Messrs. Deutsch and Wolff may well be essential *witnesses*, this is not, by itself, a sufficient basis for naming them as parties to the suit. Respondent's concession that neither Mr. Deutsch nor Mr. Wolff has any control over the assets that would be used to satisfy any liability to the plaintiff is dispositive. By definition, the claims against Messrs. Deutsch and Wolff fail "to state a claim upon which relief can be granted." Rule 55.27(a)(6).

Respondent also questions Relators' standing to seek relief on behalf of Mr. Wolff, who is in default. Although Relators advance a number of persuasive

1. Mr. Wolff has not responded to the petition.

arguments to support such standing, we need not address them all. The potential liability of the trust to reimburse Messrs. Deutsch and Wolff for their expenses in defending the suit are sufficient to support standing on the part of the current trustees.

Accordingly, we issue our peremptory writ of prohibition and direct Respondent to sustain the motion to dismiss Messrs. Deutsch and Wolff as defendants in the underlying action.

KATHIANNE KNAUP CRANE, J., Concurs.

GEORGE W. DRAPER, III, J., Concurs.